**STATE OF MONTANA,**
                    Plaintiff,                                    **NO. 11998**

            **vs.**                                                **DECISION**

**Janene Louise Wirth,**
            **Defendant.**

On March 13, 1996, it was the judgment of the Court that Janene Louise Wirth be and is herby committed to the Department of Corrections for a term of five (5) years for suitable placement, which may include an appropriate community based program, facility, or a State correctional institution. The sentence shall run consecutively to the sentence imposed in Ravalli County. It is the recommendation of the Court that as a condition of any parole or early release the defendant shall reimburse Missoula County for her court appointed attorney in the amount of Fifty Dollars ($50.00); that the defendant shall pay a fee in the amount of Twenty Dollars ($20.00) to go to the County Attorney Surcharge Fund as provided in Section 46-18-236, M.C.A.; that the defendant shall pay the cost of prosecution in the amount of One Hundred Dollars ($100.00); that the defendant shall pay a Court technology fee, pursuant to Section 3-1-317(1)(a), M.C.A., in the amount of Five Dollars ($5.00); that the defendant shall pay the cost of incarceration in the amount of One Thousand Six Hundred Twenty Dollars ($1,620.00) (36 days @ $45 per day); that the defendant may perform community service for one-half of the cost of incarceration as directed by the Community Service Program Coordinator; and that the defendant shall pay a probationary supervision fee in the amount of Ten Dollars ($10.00) per month or One Hundred Twenty Dollars ($120.00) per year, pursuant to Section 46-23-1011, M.C.A. All of the above costs shall be paid through the Clerk of the District Court and according to a schedule as set by her Probation Officer. Defendant shall receive credit for time served at Missoula County Jail from February 5, 1996, through date of sentencing, March 13, 1996, in the amount of thirty-eight (38) days.

On May 23, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that she understood this and stated that she wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 23rd day of May, 1996.

DATED this 4th day of June, 1996.

**Chairman, Hon. Ted O. Lympus**
**Member, Hon. Jeffrey M. Sherlock**
**Member, Hon. William Nels Swandal**

The Sentence Review Board wishes to thank Janene Louise Wirth for representing herself in this matter.